UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTEA TERRELL COOPER,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY MACOMBER, Secretary,<br><br>Respondent. | Case No.: 26-cv-0996-AJB-BLM<br><br>**ORDER:**<br><br>**(1) DIRECTING CLERK TO SUBSTITUTE RESPONDENT AND**<br><br>**(2) NOTIFYING PETITIONER OF OPTIONS TO AVOID DISMISSAL OF AMENDED PETITION** |

On February 17, 2026, Petitioner Dantea Terrell Cooper ("Petitioner"), who indicates he is currently on parole arising from a San Diego County Superior Court judgment of conviction, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2023 judgment of conviction in case number SCD295921 and paid the $5.00 filing fee. (Doc. Nos. 1; 1-12.) On March 2, 2026, the Court dismissed this habeas action without prejudice because Petitioner failed to sign the petition under penalty of perjury and instructed him that to have the case reopened, he must submit an Amended Petition that cured the identified pleading deficiency on or before April 30, 2026. (Doc. No. 3.) On March 13, 2026, Petitioner submitted an Amended Petition. (Doc. No. 4.)

1

## I.    SUBSTITUTION OF RESPONDENT

In the Amended Petition, Petitioner now names "Rodriguez" and Attorney General Rob Bonta as Respondents to this federal habeas action (*see* Doc. No. 1 at 1) and Petitioner specifically asks the Court to modify the name of respondent to Rodriguez, noting "[m]y parole agent is now Alejandro Rodriguez" (*id.* at 15).

On federal habeas, a state prisoner must name the state officer having custody of him as the respondent and if a "petitioner is on probation or parole, he may name his probation or parole officer 'and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.'" *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing and quoting R. 2, Rules Governing Section 2254 Cases (2019) and advisory committee's note. Because Petitioner's parole officer has changed, so has the Respondent to this action. However, in order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases and to avoid changing the Respondent if Petitioner's parole officer changes again, the Court hereby **ORDERS** the substitution of Jeffrey Macomber, Secretary of the California Department of Corrections and Rehabilitation, as Respondent. *See id.* (stating that the respondent in § 2254 proceedings may be the chief officer in charge of state penal institutions).

Additionally, the Attorney General of the State of California is not a proper respondent in this action. Again, Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. *See* R. 2(a), Rules Governing Section 2254 Cases (2019). However, "[i]f the petitioner is not yet in custody--but may be subject to future custody--under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered." R. 2(b), Rules Governing Section 2254 Cases (2019). Here, there is no basis for Petitioner to have named the California Attorney General as a respondent in this action.

///

///

26-cv-0996-AJB-BLM

## II.   FAILURE TO EXHAUST STATE COURT REMEDIES

Upon review, it does not appear that Petitioner has exhausted state court remedies as to each of the five enumerated claims in the Amended Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and a petitioner must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.").

26-cv-0996-AJB-BLM

Here, Petitioner indicates that he raised Grounds One through Four in a habeas petition filed in the California Supreme Court (*see* Doc. No. 4 at 7–10), but he does not indicate whether he raised Ground Five in the California Supreme Court (*see id.* at 11).[1] As such, it appears the Amended Petition contains both exhausted and unexhausted claims and Petitioner has failed to demonstrate exhaustion as to all claims raised.

In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a petition which did not contain only exhausted claims is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Id.* at 514–20. Having preliminarily determined the Petition contains both exhausted and unexhausted claims, the Court notifies Petitioner of his options to avoid a future dismissal for failing to exhaust state court remedies as to each of the claims alleged in the Amended Petition.

### A.    First Option: Demonstrate Exhaustion

Petitioner may file papers in which he alleges he has exhausted the claims in the Amended Petition.  If Petitioner chooses this option, these papers are due no later than **May 18, 2026**.

### B.    Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520–21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").

---

[1] In contrast, in the original federal Petition, Petitioner raised four enumerated claims for habeas relief and alleged that each of those four claims had been presented to the California Supreme Court. (*See* Doc. No. 1 at 5–11.)

4

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), *as amended*, 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181–82.

---

[2] 28 U.S.C. § 2244 (d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

26-cv-0996-AJB-BLM

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **May 18, 2026**.

### C. Third Option: Formally Abandon Unexhausted Claims

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520–21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **May 18, 2026**. Petitioner is cautioned that once he abandons his unexhausted claim(s), he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)–(b).

### D. Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). There are two methods available to Petitioner: the "stay and abeyance" procedure and the "withdrawal and abeyance" procedure.

If Petitioner wishes to use the "stay and abeyance" procedure he must ask the Court to stay his mixed petition while he returns to state court to exhaust. Under this procedure he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

If Petitioner wishes to use the "withdrawal and abeyance" procedure, he must voluntarily withdraw his unexhausted claim(s), ask the Court to stay the proceedings and hold the fully exhausted petition in abeyance while he returns to state court to exhaust, and then seek permission to amend his petition to include the newly exhausted claim(s) after exhaustion is complete. *King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009). Although under this procedure Petitioner is not required to demonstrate good cause for his failure to timely exhaust, the newly exhausted claim(s) must be either timely under the statute of

26-cv-0996-AJB-BLM

limitations or "relate back" to the claims in the fully-exhausted petition—*i.e.*, they must share a "common core of operative facts" with the previously exhausted claim(s). *Id.* at 1142–43, quoting *Mayle v. Felix*, 545 U.S. 644. 659 (2005). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **May 18, 2026**.

## III.   CONCLUSION AND ORDER

For the foregoing reasons, the Court **ORDERS** the substitution of Jeffrey Macomber, Secretary of the California Department of Corrections and Rehabilitation as Respondent in place of "Cooper," "Rodriguez," and "Rob Bonta." The Clerk of the Court will modify the docket to reflect "Jeffrey Macomber, Secretary" in place of the former respondents. Further, the Court **NOTIFIES** Petitioner that his Amended Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state court remedies. If Petitioner wishes to proceed with this habeas action, he must, no later than **May 18, 2026**, notify the Court which of the options outlined above he chooses. Petitioner is cautioned that if he fails to respond to this Order, the Amended Petition will be subject to dismissal without prejudice. *See Lundy*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated:  March 18, 2026

Hon. Anthony J. Battaglia
United States District Judge

26-cv-0996-AJB-BLM