UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTEA TERRELL COOPER,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY MACOMBER, Secretary,<br><br>Respondent. | Case No.:  26-cv-0996-AJB-BLM<br><br>**ORDER REQUIRING RESPONSE TO AMENDED PETITION (28 U.S.C. § 2254)**<br><br>**[ECF No. 4]** |

On February 17, 2026, Petitioner Dantea Terrell Cooper ("Petitioner"), who indicates he is currently on parole arising from a San Diego County Superior Court judgment of conviction, proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2023 judgment of conviction in case number SCD295921 and paid the $5.00 filing fee.  (ECF Nos. 1, 1-12.)  On March 2, 2026, the Court dismissed this habeas action without prejudice because Petitioner failed to sign the petition under penalty of perjury and instructed him that to have the case reopened, he must submit an Amended Petition that cured the identified pleading deficiency on or before April 30, 2026.  (ECF No. 3.)  On March 13, 2026, Petitioner submitted an Amended Petition and requested the Court modify the name of Respondent to his new parole agent.  (ECF No. 4; *id.* at 15.)  On March 18, 2026, the Court issued an order directing the substitution of the Secretary of the Department of Corrections and Rehabilitation as Respondent and

notified Petitioner that his Amended Petition as drafted was subject to dismissal for failure to allege exhaustion as to all claims raised.  (ECF No. 5.)  Specifically, the Court noted: "Petitioner indicates that he raised Grounds One through Four in a habeas petition filed in the California Supreme Court (*see* Doc. No. 4 at 7–10), but he does not indicate whether he raised Ground Five in the California Supreme Court (*see id.* at 11)."  (*Id.* at 4) (footnote omitted).  The Court instructed Petitioner that if he wished to avoid dismissal and proceed with the instant habeas action, he must either (1) demonstrate exhaustion, (2) voluntarily dismiss the petition, (3) formally abandon unexhausted claims, or (4) file a motion to stay the proceedings, and must notify the Court of the option he chose on or before May 18, 2026.  (*Id.* at 4-7.)  On April 7, 2026, Petitioner filed a response to the Court's March 18, 2026, Order, in which he stated in relevant part: "The Court may proceed forth with the exhausted claims and dismiss the un-exhausted claim."  (ECF No. 6 at 1.)

In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Amended Petition [ECF No. 4], **IT IS ORDERED** that:

1. The Clerk of this Court must promptly (a) serve a copy of the Amended Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. Respondent must file a "Notice of Appearance" no later than **April 27, 2026**.

3. If Respondent contends the Amended Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Amended Petition, or that the Amended Petition is barred by the statute of limitations, or that the Amended Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **June 12, 2026**.  The motion to dismiss must not address the merits of Petitioner's claims, but rather must address all grounds upon which

Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]  At the time the motion to dismiss is filed, Respondent must lodge with the Court all records bearing on Respondent's contention in this regard.  A hearing date is not required for the motion to dismiss.

4.     If Respondent files a motion to dismiss, Petitioner must file his opposition, if any, to the motion no later than **July 13, 2026**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

5.     Unless the Court orders otherwise, Respondent must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

6.     If Respondent does not contend that the Amended Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent must file and serve an answer to the Amended Petition, and a memorandum of points and authorities in support of such answer, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **June 12, 2026**.  At the time the answer is filed, Respondent must lodge with the Court all records bearing on the merits of Petitioner's claims.  The lodgments must be accompanied by a notice of lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**."  Respondent must not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item must be numbered separately and sequentially.

7.     Petitioner may file a traverse to matters raised in the answer no later than **July 13, 2026**.  Any traverse by Petitioner (a) must state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) must be limited to facts or arguments

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Amended Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

26-cv-0996-AJB-BLM

responsive to matters raised in the answer; and (c) must not raise new grounds for relief that were not asserted in the Amended Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown.

8.    A request by a party for an extension of time within which to file any of the pleadings required by this Order must be made at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

9.    Unless otherwise ordered by the Court, this case will be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

10.    Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

11.    Petitioner must immediately notify the Court and counsel for Respondent of any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  4/13/2026

Hon. Barbara L. Major
United States Magistrate Judge

4

26-cv-0996-AJB-BLM